IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,                    :
                    Plaintiff           :
            v.                          : Civil Action No. 05-15J
PENNSYLVANIA DEPARTMENT OF LABOR        :
AND INDUSTRY,                           :
                    Defendant           :

Report and Recommendation

Orders and Recommendation

        Plaintiff filed a pro se complaint under the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant Department of Labor and Industry (DLI), the branch of the government of Pennsylvania which operates the Hiram G. Andrews Center (HGA), a vocational rehabilitation center at 727 Goucher Street in Upper Yoder Township, Cambria County.  According to plaintiff, the DLI also has a tenant with the name or acronym "PAID," at the same location.   Pending is defendant's motion to dismiss, docket no. 3, plaintiff's motion for a jury trial, docket no. 8, plaintiff's motion for default judgment, docket no. 7, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 11, docket no. 12.

        Plaintiff's motions for leave to proceed in forma pauperis, docket no. 11 and docket no. 12, are granted.  Plaintiff's motion for a jury trial, docket no. 8, is denied because the plaintiff's ADA claims are equitable in nature.  Plaintiff's motion for a default judgment, docket no. 7, is denied because a timely motion to dismiss had already been filed.

        Finally, defendant's motion to dismiss, docket no. 3, should be granted.

Report

Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's facility's parking lot is not ADA compliant.  Plaintiff noticed this while parking, on some date not specified in the complaint, when he was visiting PAID, a tenant at the same location as the Hiram G. Andrews Center. Plaintiff alleges that "[t]he majority of the non-compliance stems from the lack of vertical signage at the Handicapped spots."  This lack, according to the complaint, means that the parking spots are not designated clearly enough to permit the issuance of citations to persons without handicapped permits or license plates who park there.  Complaint, ¶6.  When plaintiff spoke to Natalie about this, and Natalie is apparently an employee at PAID, she explained that these parking places still had the previous tenant's reserved signs on them.  Complaint, ¶10.

Defendant moves to dismiss the complaint because it argues that plaintiff's service was improper, because ADA Title III claims are not appropriate against public facilities, and because the complaint fails to state a claim.  Plaintiff makes no response to defendant's motion.

Defendant is incorrect in asserting that plaintiff improperly made service himself.  See docket no. 2, a return of service by Jason Brown.

Defendant next asserts that the complaint should be dismissed because the complaint alleges a Title III public accommodation claim and it is a public entity governed by Title II.

2

<u>See</u> 42 U.S.C. § 12131(1).  Defendant is correct that it is subject to Title II and not Title III, but the <u>pro se</u> plaintiff, although referring in the complaint to the statutory sections in Title III, also refers to the regulations implementing Title II.  I am not going to adopt a construction of the ambiguous references in the complaint that will exclude the possibility that plaintiff intends to bring a Title II claim.

Assuming for the moment that this matter was intended to assert a Title II claim and that a private right of action exists to enforce Title II, defendant's Rule 12(b)(6) defense that the complaint fails to state a claim is meritorious.  Under Fed.R.Civ.P. 12(b)(6), the court must accept as true the facts alleged in the complaint and construe them in a light most favorable to the plaintiff.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  At the same time, the court is not an advocate for plaintiff and does not supply allegations plaintiff has not made or draw unsupportable inferences.

The basic requirement of Title II is that a public entity operate each of its services, programs, and activities "so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150.  Nothing in Title II or its implementing regulations "can reasonably be read to give disabled parkers access

3

to areas that would not be available to them if they were not disabled. The purpose of the Act is to place those with disabilities on an equal footing." Kornblau v. Dade County, 86 F.3d 193, 194 (11th Cir.1996). To state a claim that a public program or service violates Title II of the ADA, a plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir.1997). Although plaintiff adequately alleges the first element of a Title II claim, he does not allege that he was discriminatorily denied any service or excluded from any benefit offered by the DLI. In fact, he quite expressly states that he noticed what he alleges to the deficiencies in the DLI's signage while visiting another entity. Plaintiff does not have standing to pursue claims against the providers of services at HGA that he is neither using nor attempting to use.

In addition to this, plaintiff's alleged theory of discrimination, as far as the allegations in the complaint indicate, is that at HGA the disabled access signs are not sufficiently prominent to allow tickets to be given to persons who improperly park in them. That this deficiency might encourage a widespread willingness on the part of persons without handicapped stickers or license plates to park illegally and risk being ticketed in the

4

belief that they could ultimately "beat the ticket" on a technicality, and that this hypothetical scofflaw attitude could someday disadvantage a disabled individual attending the HGA, would not state a legally sufficient claim if it were made by a plaintiff with standing.   The complaint must be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: _21 July 2005_                    _Keith A. Pesto_
                                        Keith A. Pesto,
                                        United States Magistrate Judge

cc:
            Leslie Paul Howarth, Ph.D.
            211 Bentwood Avenue
            Johnstown, PA 15904-1333

            Rodney M. Torbic, Esquire
            6th Floor Manor Complex
            564 Forbes Avenue
            Pittsburgh, PA 15219

5